IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 20–cv–03658–CNS–MDB

LENNIS JAMES HILL,

      Plaintiff,

v.

MATEVOUSIAN, Complex Warden,
STANCIL, USP Warden,
WADE, USP Lieutenant,
GONZALEZ, USP Investigator, and
ANTHONY, Lieutenant,

      Defendants.

---

### RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

**Magistrate Judge Maritza Dominguez Braswell**

      This matter is before the Court on Defendants' "Motion to Dismiss." (["Motion"], Doc. No. 34.) No response has been filed to the Motion, and the time to do so has lapsed. The Motion has been referred to the undersigned, pursuant to 28 U.S.C. § 636(b)(1) and D.C.COLO.LCivR 72.1, for a recommendation regarding disposition. (Doc. No. 35.) The Court has reviewed the Motion, the case file, and the applicable law. For the reasons set forth below, the Court **RECOMMENDS** that the Motion (Doc. No. 34) be **GRANTED, in part, and DENIED, in part**.

## SUMMARY FOR *PRO SE* PLAINTIFF

The Court is recommending that some of your claims be dismissed. Specifically, the Court is recommending that your claims against Matevousian, Stancil, Anthony, Gonzalez, and Wade, in their "official" capacities, be dismissed, because a claim against a federal government employee in their "official" capacity is essentially a claim against the government itself, and under the circumstances presented here, the law does not allow you to recover money damages from the government. The Court is also recommending that your claims against Matevousian and Stancil be dismissed because the complaint does not show that either of those individuals was personally involved in violating your constitutional rights. As to your remaining claims against Anthony, Gonzalez, and Wade, the Court is recommending that those claims be allowed to move forward. This is only a summary of the Court's Recommendation to the presiding judge. The complete Recommendation is set forth below, including information about your right to object to this Recommendation within a set period of time.

## STATEMENT OF THE CASE

*Pro se* Plaintiff Lennis James Hill, a state inmate in the custody of the Federal Bureau of Prisons ["BOP"], brings this lawsuit, pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971),[1] asserting violations of his Eighth Amendment rights by Defendants, all of whom are BOP employees. (Doc. No. 6.)

---

[1] In his Amended Prisoner Complaint, Mr. Hill checked the box indicating jurisdiction under 42 U.S.C. § 1983. (Doc. No. 6 at 3.) However, Mr. Hill asserts his claims only against federal prison employees. (*Id.* at 2-3, 6.) Mr. Hill does not allege that Defendants acted under color of state law. Therefore, the Court liberally construes Mr. Hill's claims as brought pursuant to *Bivens*.

2

According to the Amended Prisoner Complaint, on January 25, 2019, while Mr. Hill was incarcerated at the BOP's United States Penitentiary in Florence, Colorado ["USP-Florence"], he was "brutally assaulted" by another inmate. (*Id.* at 7.) Mr. Hill claims to have suffered a "broken jaw" from the attack, which caused him "great pain." (*Id.* at 8.) He alleges that Defendants Anthony, Gonzalez, and Wade "viewed" surveillance footage of the assault, and that after doing so, Defendant Wade "signed the lock-up order" to place Mr. Hill in the Special Housing Unit ["SHU"]. (*Id.* at 7.) Mr. Hill further alleges that Defendant Anthony "was aware" of BOP regulations "requiring a mandatory evaluation after any altercations between inmates." (*Id.*)

According to the Amended Prisoner Complaint, upon his transfer into SHU, Mr. Hill "pleaded" with Defendants Anthony, Gonzalez, and Wade to "bring him to medical" for treatment of his injuries. (*Id.* at 8.) Mr. Hill alleges that Defendants Anthony, Gonzalez, and Wade "ignored" his plea, and that Defendant Anthony told him he "should stay out of trouble." (*Id.* at 8-9.) Mr. Hill alleges that he was forced to remain in SHU for six days without medical care, during which he suffered "unimaginable pain" and "starved" due to his inability to eat solid food. (*Id.* at 8.) Mr. Hill claims that he even spat blood "in the presence of several officers" to prove that he was injured, and still, "no one would take him to medical." (*Id.*)

After a "compassionate nurse" reportedly became aware of the situation, Mr. Hill was taken to the prison medical unit, where an X-ray revealed "two serious fractures." (*Id.*) Mr. Hill states that, by that point, his jaw "was literally hanging on by a single nerve." (*Id.*) He states that, on February 8, 2019, he was taken to see a specialist surgeon, who diagnosed him with a "bad infection" and told him that he would also need to undergo "emergency surgery." (*Id.*) Mr. Hill alleges that he was immediately admitted into the hospital, where he received "antibiotics and

3

finally pain medication." (*Id.*) He claims that Defendants Matevousian, Stancil, and Wade later "attempted to cover up this atrocity by dropping the investigation and abruptly transferring him" to another prison facility. (*Id.* at 9.) Mr. Hill alleges that "Defendants all had direct or indirect knowledge that [he] was assaulted and even with this knowledge blatantly and maliciously denied [his] immediate medical treatment." (*Id.* at 7.)

Based on these allegations, on December 14, 2020, Mr. Hill commenced this *Bivens* action. (Doc. No. 1.) In his Amended Complaint, Mr. Hill asserts an Eighth Amendment deliberate indifference claim against Defendants, in their individual and official capacities. (Doc. No. 6 at 2-3, 6-9.) As relief, Mr. Hill requests monetary damages only. (*Id.* at 5.)

Defendants now move to dismiss the Amended Prisoner Complaint, in its entirety, under Federal Rule of Civil Procedure 12(b)(6), arguing that Mr. Hill has failed to plausibly allege a violation of his Eighth Amendment rights, or their personal participation in any constitutional injury. (Doc. No. 34 at 4-9.) Defendants also contend that they are entitled to qualified immunity in this case. (*Id.*)

## STANDARDS OF REVIEW

### I.   *Pro Se* Plaintiff

Mr. Hill is proceeding *pro se*. The Court, therefore, "review[s] his pleadings and other papers liberally and hold[s] them to a less stringent standard than those drafted by attorneys." *Trackwell v. United States*, 472 F.3d 1242, 1243 (10th Cir. 2007) (citations omitted); *see Haines v. Kerner*, 404 U.S. 519, 520–21 (1972) (holding the allegations of a *pro se* complaint "to less stringent standards than formal pleadings drafted by lawyers"). However, a *pro se* litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon

4

which relief can be based." *Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir. 1991). A court may not assume that a plaintiff can prove facts that have not been alleged, or that a defendant has violated laws in ways that a plaintiff has not alleged. *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983); *see Whitney v. New Mexico*, 113 F.3d 1170, 1173–74 (10th Cir. 1997) (stating that a court may not "supply additional factual allegations to round out a plaintiff's complaint"); *Drake v. City of Fort Collins*, 927 F.2d 1156, 1159 (10th Cir. 1991) (the court may not "construct arguments or theories for the plaintiff in the absence of any discussion of those issues"). The plaintiff's *pro se* status does not entitle him to an application of different rules. *Montoya v. Chao*, 296 F.3d 952, 957 (10th Cir. 2002).

## II.     Federal Rule of Civil Procedure 12(b)(6)

Federal Rule of Civil Procedure 12(b)(6) provides that a defendant may move to dismiss a claim for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." *Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1201 (10th Cir. 2003) (quotation marks omitted).

"A court reviewing the sufficiency of a complaint presumes all of plaintiff's factual allegations are true and construes them in the light most favorable to the plaintiff." *Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir. 1991). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Plausibility, in the context of a motion to dismiss, means that the

plaintiff pleaded facts which allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. The *Iqbal* evaluation requires two prongs of analysis. First, the Court identifies "the allegations in the complaint that are not entitled to the assumption of truth," that is, those allegations which are legal conclusion, bare assertions, or merely conclusory. *Id*. at 679–81. Second, the Court considers the factual allegations "to determine if they plausibly suggest an entitlement to relief." *Id*. at 681. If the allegations state a plausible claim for relief, such claim survives the motion to dismiss. *Id*. at 679.

That being said, the Court need not accept conclusory allegations without supporting factual averments. *S. Disposal, Inc., v. Tex. Waste*, 161 F.3d 1259, 1262 (10th Cir. 1998). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S at 678. Moreover, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (citation omitted). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* (citation omitted).

In evaluating a Rule 12(b)(6) motion to dismiss, the Court typically may not look beyond the pleadings. *Casanova v. Ulibarri*, 595 F.3d 1120, 1125 (10th Cir. 2010). "If, on a motion under Rule 12(b)(6), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56." *Johnson v. Spencer*, 950 F.3d 680, 705 (10th Cir. 2020) (quoting Fed. R. Civ. P. 12(d)) (alterations omitted).

"Pleadings," for purposes of a Rule 12(b)(6) motion to dismiss, include attachments to the complaint, documents incorporated into the complaint by reference, and information subject to judicial notice. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007); *Gee v. Pacheco*, 627 F.3d 1178, 1186 (10th Cir. 2010); *Tal v. Hogan*, 453 F.3d 1244, 1264 n.24 (10th Cir. 2006).

### III. Qualified Immunity

Qualified immunity is an affirmative defense to *Bivens* liability. *Johnson v. Fankell*, 520 U.S. 911, 914 (1997). It "protects government officials 'from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Pearson v. Callahan*, 555 U.S. 223, 231 (2009) (internal quotation marks and citation omitted). Once a defendant has asserted a qualified immunity defense, the burden shifts to the plaintiff to establish that: (1) the defendant violated a constitutional right; and (2) the right was "clearly established" at the time of the defendant's alleged misconduct. *Big Cats of Serenity Springs, Inc. v. Rhodes*, 843 F.3d 853, 864 (10th Cir. 2016) (citing *Pahls v. Thomas*, 718 F.3d 1210, 1227 (10th Cir. 2013)). "[I]f the plaintiff fails to establish either prong of the two-pronged qualified-immunity standard, the defendant prevails on the defense." *A.M. v. Holmes*, 830 F.3d 1123, 1134-35 (10th Cir. 2016).

"Although qualified immunity defenses are typically resolved at the summary judgment stage, district courts may grant motions to dismiss on the basis of qualified immunity." *Thomas v. Kaven*, 765 F.3d 1183, 1194 (10th Cir. 2014). "Asserting a qualified immunity defense via a Rule 12(b)(6) motion, however, subjects the defendant to a more challenging standard of review than would apply on summary judgment." *Id.* (quoting *Peterson v. Jensen*, 371 F.3d 1199, 1201

(10th Cir. 2004)); *see Behrens v. Pelletier*, 516 U.S. 299, 309 (1996) ("At [the motion to dismiss] stage, it is the defendant's conduct *as alleged in the complaint* that is scrutinized for objective legal reasonableness.") (internal quotation marks omitted) (emphasis in original). "In resolving a motion to dismiss based on qualified immunity, the court considers (1) whether the facts that a plaintiff has alleged make out a violation of a constitutional right, and (2) whether the right at issue was clearly established at the time of [the] defendant's alleged misconduct." *Keith v. Koerner*, 707 F.3d 1185, 1188 (10th Cir. 2013) (quoting *Brown v. Montoya*, 662 F.3d 1152, 1164 (10th Cir. 2011)) (internal quotation marks omitted). The Court has "discretion to decide which of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances in the particular case at hand." *Brown*, 662 F.3d at 1164 (quoting *Pearson*, 555 U.S. at 236) (alterations omitted).

## ANALYSIS

**I.      Official Capacity Claims**

Mr. Hill asserts constitutional claims against federal prison employees in their individual and official capacities, asking only for money damages. (Doc. No. 6 at 2-3, 6.) Courts have recognized *Bivens* claims against offending individual officers, subject to the defense of qualified immunity. *Corr. Servs. Corp. v. Malesko*, 534 U.S. 61, 72 (2001). However, such a claim may not lie against the officer in his or her official capacity. *Simmat v. U.S. Bureau of Prisons*, 413 F.3d 1225, 1231 (10th Cir. 2005). That is, "[t]here is no such animal as a *Bivens* suit against a public official tortfeasor in his or her official capacity. Instead, any action that charges such an official with wrongdoing while operating in his or her official capacity as a United States agent operates as a claim against the United States." *Id.* at 1231 (quoting *Farmer v.*

*Perrill*, 275 F.3d 958, 963 (10th Cir. 2001)). The doctrine of sovereign immunity precludes a *Bivens* action against the United States or any agency thereof. *See, e.g.*, *Hatten v. White*, 275 F.3d 1208, 1210 (10th Cir. 2002). The United States is immune from suit unless it expressly consents to be sued. *United States v. Testan*, 424 U.S. 392, 399 (1976).

In this case, Mr. Hill has not shown that the United States waived its sovereign immunity by consenting to being sued. Accordingly, the Court finds that Mr. Hill's *Bivens* claims against Defendants in their official capacities are barred by sovereign immunity.[2] Therefore, Mr. Hill's official capacity claims should be dismissed for lack of subject matter jurisdiction.[3] *See Hatten*, 275 F.3d at 1210 ("A *Bivens* action may not be brought against federal agencies or agents acting in their official capacities."); *Watson v. Hollingsworth*, 741 F. App'x 545, 550 (10th Cir. 2018) (affirming dismissal of official-capacity *Bivens* claims for lack of jurisdiction).

## II. Individual Capacity Claims

### A. Defendants Matevousian and Stancil

Mr. Hill alleges that Defendants all violated his Eighth Amendment rights by failing to provide him with necessary medical treatment. (Doc. No. 6 at 7-9.) Invoking qualified immunity,

---

[2] Sovereign immunity does not preclude prisoners from seeking injunctive relief against federal officials to enforce their Eighth Amendment rights. *Simmat*, 413 F.3d at 1233. However, in this case, Mr. Hill asks only for monetary damages. (Doc. No. 6 at 5.)

[3] The Court notes that Defendants did not move to dismiss Mr. Hill's official capacity claims for lack of subject matter jurisdiction. (*See generally* Doc. No. 34.) However, "[f]ederal courts 'have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party,' and thus a court may *sua sponte* raise the question of whether there is subject matter jurisdiction 'at any stage of the litigation.'" *1mage Software, Inc. v. Reynolds & Reynolds Co.*, 459 F.3d 1044, 1048 (10th Cir. 2006) (quoting *Arbaugh v. Y & H Corp.*, 456 U.S. 500, 514 (2006)).

Defendants Matevousian and Stancil argue that Mr. Hill has failed to plausibly allege their personal participation in any constitutional injury. (Doc. No. 34 at 4-6.)

Personal participation is an essential element of a *Bivens* claim. *Pahls*, 718 F.3d at 1226; *see, e.g.*, *Menteer v. Applebee*, 196 F. App'x 624, 627 (10th Cir. 2006) (affirming dismissal of *Bivens* claims against federal officials in their individual capacities for failure to allege personal participation). To establish personal participation, a plaintiff must show how the defendant caused the deprivation of a federal right. *Kentucky v. Graham*, 473 U.S. 159, 166 (1985). In other words, an affirmative link must exist between the alleged constitutional violation and the defendant's participation, control, direction, or failure to supervise. *Serna v. Colo. Dep't of Corr.*, 455 F.3d 1146, 1151-52 (10th Cir. 2006). Supervisory status, alone, is insufficient to support such a claim. *Kite v. Kelley*, 546 F.2d 334, 337 (10th Cir. 1976).

In his Amended Prisoner Complaint, Mr. Hill alleges that Defendant Matevousian, as the BOP Florence Correctional Complex Warden, and Defendant Stancil, as the USP-Florence Warden, "had direct or indirect knowledge that Hill was assaulted and even with this knowledge blatantly and maliciously denied Hill immediate medical treatment." (Doc. No. 6 at 2-3, 7.) Mr. Hill's remaining allegations against Defendants Matevousian and Stancil are limited to the following sentence: "The Defendants Matevousian, Stancil, and Lt. Wade attempted to cover up this atrocity by dropping the investigation and abruptly transferring him." (*Id.* at 9.)

Even liberally construed, these allegations are insufficient to establish personal participation in a constitutional violation. Specifically, Mr. Hill does not allege that Defendants Matevousian and Stancil had any direct contact with him, that they were present during any alleged violation of his constitutional rights, or that they had specific, contemporaneous

knowledge of Mr. Hill's injuries and/or requests for medical intervention. *See Davis v. Ark. Valley Corr. Facility*, 99 F. App'x 838, 843 (10th Cir. 2004) (copying prison warden on complaints about medical care, without more, does not sufficiently allege personal participation in a constitutional violation). Nor has Mr. Hill alleged any facts that suggest an affirmative link between these Defendants' supervision and the conduct of any subordinate. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993) (stating that there must be an affirmative link between the constitutional deprivation and either the supervisor's personal participation, his exercise of control or direction, or his failure to supervise). For instance, Mr. Hill does not allege that Defendants Matevousian and Stancil personally directed their subordinates to ignore his specific medical needs, or to deny him medical treatment, or that they willfully turned a blind eye to such conduct at the time of its occurrence. *See Watson*, 741 F. App'x at 551-52 (affirming dismissal of *Bivens* claim for lack of personal participation, where the allegations against the defendant concerned conduct after the constitutional violation had already happened); *Phillips v. Tiona*, 508 F. App'x 737, 744 (10th Cir. 2013) ("[A] supervisor's mere knowledge of his subordinate's [constitutional violation] and acquiescence are insufficient to establish a constitutional violation."); *Maxton v. United States*, No. 12-cv-00383-WYD-KMT, 2013 WL 6068514, at *5 (D. Colo. Nov. 18, 2013) (finding allegation that the BOP Director "refuse[d] to do anything once he [was] inform[ed] of the situation" insufficient to establish personal participation in a constitutional violation); *see also Cordova v. Aragon*, 569 F.3d 1183, 1194 (10th Cir. 2009) ("A failure to investigate or reprimand might also cause a future violation by sending a message to officers that such behavior is tolerated. It does not, however, in and of itself constitute a causal connection in the immediate case."). To the extent that Mr. Hill alleges that

Defendants Matevousian and Stancil participated in a subsequent "cover up," the Amended Prisoner Complaint is devoid of any specific allegations as to the nature of either individual's involvement. *See Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007) ("[T]o state a claim in federal court, a [*pro se*] complaint must explain what each defendant did to [the plaintiff], when the defendant did it, how the defendant's actions harmed [the plaintiff]; and, what specific legal right the plaintiff believes the defendant violated."). Finally, there are no allegations from which to infer that Defendants Matevousian and Stancil violated Mr. Hill's rights, because of any policy. *See Cox v. Glanz*, 800 F.3d 1231, 1248 (10th Cir. 2015) (observing that supervisory liability can be imposed "upon a defendant-supervisor who creates, promulgates, or implements a policy which subjects" a plaintiff to constitutional rights deprivations) (alterations omitted).

In this case, Mr. Hill's allegations show only a possible indirect involvement by Defendants Matevousian and Stancil in Mr. Hill's purported constitutional injury, and fail to show the necessary personal participation required for individual liability under *Bivens*. Defendants Matevousian and Stancil are, therefore, entitled to qualified immunity with respect to the individual capacity claims against them. *See Holland ex rel. Overdorff v. Harrington*, 268 F.3d 1179, 1186 (10th Cir. 2001) ("If the plaintiff fails to satisfy either part of the two-part inquiry, the court must grant the defendant qualified immunity."); *Albright v. Rodriguez*, 51 F.3d 1531, 1535 (10th Cir. 1995) ("[A] defendant is entitled to qualified immunity if the plaintiff fails to show a violation of a constitutional right at all."). The Court, therefore, recommends that those claims be dismissed without prejudice. *See Gee v. Pacheco*, 627 F.3d 1178, 1186 (10th Cir.

2010) (stating that the dismissal of a *pro se* claim for inadequate pleading should ordinarily be without prejudice).

### B. Defendants Anthony, Gonzalez, and Wade

Mr. Hill also makes a claim of deliberate indifference, under the Eighth Amendment, against Defendants Anthony and Wade, who are both USP-Florence lieutenants, and against Defendant Gonzalez, who is a USP-Florence investigator. (Doc. No. 6 at 3, 6-9.) Specifically, Mr. Hill alleges that Defendants Anthony, Gonzalez, and Wade "viewed the [surveillance] video and saw the assault[;]" that Mr. Hill later "pleaded with [Defendants Anthony, Gonzalez, and Wade] with a broken jaw and great pain, for them to bring him to medical[;]" and that Defendants Anthony, Gonzalez, and Wade "ignored" Mr. Hill's pleas for help. (*Id.* at 7-8.)

The Eighth Amendment protects against the infliction of "cruel and unusual punishments." U.S. CONST. amend. VIII. A prison official's deliberate indifference to an inmate's serious medical needs violates the Eighth Amendment's prohibition on cruel and unusual punishment. *Estelle v. Gamble*, 429 U.S. 97, 104-05 (1976); *Maita v. Saiz*, 427 F.3d 745, 751 (10th Cir. 2005); *see also Grissom v. Roberts*, 902 F.3d 1162, 1174 (10th Cir. 2018) ("[P]rison officials must ensure that inmates receive adequate food, clothing, shelter, and medical care and must take reasonable measures to guarantee the safety of the inmates."). But a claim based on "an inadvertent failure to provide adequate medical care," or alleging "that a physician has been negligent in diagnosing or treating a medical condition" does not state a valid claim of medical mistreatment under the Eighth Amendment. *Kikumura v. Osagie*, 461 F.3d 1269, 1291 (10th Cir. 2006), *overruled on other grounds by Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). "Rather, a prisoner must allege acts or omissions sufficiently harmful to evidence

13

deliberate indifference to serious medical needs." *Self v. Crum*, 439 F.3d 1227, 1230 (10th Cir. 2006).

An Eighth Amendment *Bivens* claim[4] involves "a two-pronged inquiry, comprised of an objective component and a subjective component." *Self*, 439 F.3d at 1230. To satisfy the objective component, a prisoner must demonstrate that his medical need is "objectively, sufficiently serious." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Callahan v. Poppell*, 471 F.3d 1155, 1159 (10th Cir. 2006). A medical need is sufficiently serious if "it is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay

---

[4] The Court analyzes the *Bivens* claim as though a *Bivens* remedy is available. However, in light of the United States Supreme Court's decision in *Egbert v. Boule*, --- U.S. ----, 142 S. Ct. 1793, 213 L.Ed.2d 54 (2022), the Court harbors serious doubt as to whether there is a *Biven* remedy available to support Mr. Hill's Eighth Amendment deliberate indifference claims against Defendants Anthony, Gonzalez, and Wade. *See Silva v. United States*, 45 F.4th 1134, 1140 (10th Cir. 2022) (concluding that, post-*Egbert*, *Bivens* "is an action that is impermissible in virtually all circumstances"); *see also Noe v. U.S. Gov't*, 1:21-cv-01589-STV-CNS, 2023 WL 179929, at *3 (D. Colo. Jan. 13, 2023) (affirming dismissal of *Bivens* claim against BOP officials alleging inadequate dental care, because under *Egbert* and *Silva*, the existence of the BOP's Administrative Remedy Program foreclosed the availability of a *Bivens* remedy against BOP officials in the case).

However, in this case, Defendants make no argument as to whether a *Bivens* remedy is available for Mr. Hill's alleged injuries. (*See generally* Doc. No. 34.) Moreover, the availability of a *Bivens* remedy is not an issue that implicates the Court's subject matter jurisdiction. *Hicks v. Ferreyra*, 965 F.3d 302, 310 (4th Cir. 2020); *see Smith v. Trujillo*, No. 20-cv-00877-RBJ-NYW, 2021 WL 1799400, at *3 & n.3 (D. Colo. Mar. 26, 2021) (declining to consider defendant's argument concerning availability of *Bivens* remedy under Rule 12(b)(1) standard). Therefore, the Court has no independent duty to *sua sponte* address the issue here. *See Hicks*, 965 F.3d at 310 (holding district court need not *sua sponte* consider whether a *Bivens* remedy existed for the plaintiff's claims when the defendants never raised the argument); *Holton v. Finley*, No. 4:21-cv-737, 2022 WL 585148, at *4 n.2 (M.D. Penn. Feb. 25, 2022) (declining to address the availability of a *Bivens* remedy *sua sponte* in resolving a Rule 12(b)(6) motion to dismiss); *see also Straker v. Stancil*, No. 20-cv-03478-WJM-STV, 2022 WL 1193451, at *4 n.8 (Feb. 10, 2022) ("Because, for the reasons explained herein, the Court finds that Plaintiff's allegations are insufficient to plausibly allege a constitutional violation, the Court finds it unnecessary to reach the more difficult question of whether a *Bivens* remedy exists.").

person would easily recognize the necessity for a doctor's attention." *Hunt v. Uphoff*, 199 F.3d 1220, 1224 (10th Cir. 1999) (internal citation omitted). To satisfy the subjective component, a prisoner must demonstrate that the defendant acted with a "sufficiently culpable state of mind." *Farmer*, 511 U.S. at 834. "[D]eliberate indifference is a stringent standard of fault." *Bd. of Cnty. Comm'rs v. Brown*, 520 U.S. 397, 410 (1997). "A showing of simple or even heightened negligence will not suffice." *Id.* at 407. Rather, the defendant must "know[] of and disregard[] an excessive risk to inmate health and safety." *Farmer*, 511 U.S. at 837. In other words, "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.*

In their Motion, Defendants Anthony, Gonzalez, and Wade do not challenge the objective component of Mr. Hill's Eighth Amendment claim. (Doc. No. 34 at 6 n.2.) As to the subjective component, however, Defendants Anthony, Gonzalez, and Wade argue that Mr. Hill has failed plausibly allege their actual awareness of the severity of his injuries, or of his attendant need for immediate medical attention. (*Id.* at 6-8.) At this stage of the proceedings, and also considering Mr. Hill's *pro se* status, the Court disagrees.

In the Amended Prisoner Complaint, Mr. Hill alleges that Defendants Anthony, Gonzalez, and Wade watched video footage of Mr. Hill being physically assaulted, that Mr. Hill subsequently "pleaded with them with a broken jaw and great pain" for medical attention, and that Defendants Anthony, Gonzalez, and Wade refused Mr. Hill's requests for medical attention. (Doc. No. 6 at 7-9.) These allegations, taken as true and construed liberally, can be fairly read to suggest that Defendants Anthony, Wade, and Gonzalez were aware that Mr. Hill sustained serious physical injuries from an assault, and despite that knowledge, failed to ensure that Mr.

Hill received adequate medical treatment. Although discovery may prove otherwise, at this stage in the proceedings, these allegations are enough to survive Defendants' challenge to the deliberate indifference claim against Defendants Anthony, Gonzalez, and Wade.[5] *See Ramos v. Lamm*, 639 F.2d 559, 575 (10th Cir. 1980) ("Deliberate indifference to serious medical needs is shown when prison officials have prevented an inmate from receiving recommended treatment or when an inmate is denied access to medical personnel capable of evaluating the need for treatment.").

## CONCLUSION

For the foregoing reasons, **IT IS RECOMMENDED THAT**:

(1) The "Motion to Dismiss" be (Doc. No. 34) be **GRANTED, in part**, **and DENIED, in part**. Specifically, Plaintiff's official capacity claims should be **DISMISSED**, under Rule 12(b)(1), for lack of subject matter jurisdiction. The individual capacity claims against Defendants Matevousian and Stancil should be **DISMISSED without prejudice**, under Rule 12(b)(6), for failure to state a claim. The Motion should be **DENIED** in all other respects.

---

[5] Defendants Anthony, Gonzalez, and Wade make no argument as to whether Mr. Hill's constitutional rights were "clearly established" at the time of their alleged misconduct. (*See generally* Doc. No. 34.) Regardless, it is well-settled that a prison official violates the Eighth Amendment's prohibition of cruel and unusual punishment if he fails to take reasonable measures to guarantee an inmate's health or safety. *See Garrett v. Stratman*, 254 F.3d 946, 949 (10th Cir. 2001) ("A prison official violates an inmate's clearly established Eighth Amendment rights if he acts with deliberate indifference to an inmate's serious medical needs—if he knows of and disregards an excessive risk to inmate health or safety."). For that reason, and because Mr. Hill has otherwise pleaded a viable Eighth Amendment claim, Defendants Anthony, Gonzalez, and Wade are not entitled to qualified immunity at this stage of the proceedings.

# ADVISEMENT TO THE PARTIES

Within fourteen days after service of a copy of the Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995). A general objection that does not put the district court on notice of the basis for the objection will not preserve the objection for *de novo* review. "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. One Parcel of Real Prop. Known As 2121 East 30th Street, Tulsa, Okla.*, 73 F.3d 1057, 1060 (10th Cir. 1996). Failure to make timely objections may bar *de novo* review by the district judge of the magistrate judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge. *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (a district court's decision to review a magistrate judge's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule"); *One Parcel of Real Prop.*, 73 F.3d at 1059-60 (a party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review); *Int'l Surplus Lines Ins. Co. v. Wyo. Coal Ref. Sys., Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the magistrate judge's order, cross-claimant had waived its right to appeal those portions of the ruling); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal

the magistrate judge's ruling); *but see, Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).

**DATED**: February 15, 2023.

BY THE COURT:

Maritza Dominguez Braswell
United States Magistrate Judge