IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Charlotte N. Sweeney

Civil Action No. 1:20-cv-03658-CNS-MDB

LENNIS JAMES HILL,

 Plaintiff,

v.

MATEVOUSIAN, Complex Warden,
STANCIL, USP Warden,
WADE, USP Lieutenant,
ANTHONY, Lieutenant, and
GONZALEZ, USP Investigator,

 Defendants.

## ORDER

 Before the Court is the Recommendation of United States Magistrate Judge Maritza Dominguez Braswell (ECF No. 44), recommending that Defendants' Motion to Dismiss (ECF No. 34) be GRANTED in part and DENIED in part, and Defendants' Partial Objection to the Recommendation (ECF No. 45). For the following reasons, the Court AFFIRMS and ADOPTS the Recommendation, and OVERRULES Defendants' Partial Objection.

### I. STANDARD OF REVIEW & LEGAL STANDARD

 When a magistrate judge issues a recommendation on a dispositive matter, Federal Rule of Civil Procedure 72(b)(3) requires that the district judge "determine de novo any part of the magistrate judge's [recommendation] that has been properly objected to." An objection to a

1

recommendation is properly made if it is both timely and specific.  *United States v. 2121 East 30th St.*, 73 F.3d 1057, 1059–60 (10th Cir. 1996).  An objection is sufficiently specific if it "enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute." *Id*. at 1059.  In conducting its review, "[t]he district judge may accept, reject, or modify the [recommendation]; receive further evidence; or return the matter to the magistrate judge with instructions."  Fed. R. Civ. P. 72(b)(3).

Under Rule 12(b)(6), a court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Allegations are read in "the context of the entire complaint." *Chilcoat v. San Juan Cnty*., 41 F.4th 1196, 1207 (10th Cir. 2022) (quotation omitted). To survive a motion to dismiss, a complaint must allege facts, accepted as true and interpreted in the light most favorable to the plaintiff, to state a claim to relief that is plausible on its face. *See, e.g.*, *Mayfield v. Bethards*, 826 F.3d 1252, 1255 (10th Cir. 2016). A plausible claim is one that allows the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If a complaint's allegations are "so general that they encompass a wide swath of conduct, much of it innocent," then a plaintiff has failed to "nudge [the] claims across the line from conceivable to plausible." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (quotation omitted). In assessing a claim's plausibility, "legal conclusions" contained in the complaint are not entitled to the assumption of truth. *See Kansas Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1214 (10th Cir. 2011). The standard, however, remains a liberal pleading standard, and "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and that a

recovery is very remote and unlikely." *Dias v. City & Cty. of Denver*, 567 F.3d 1169, 1178 (10th Cir. 2009) (quotation omitted).

## II. ANALYSIS

The case's background is summarized in the Magistrate Judge's Recommendation, and the Court incorporates the Magistrate Judge's summary into its Order (ECF No. 44 at 2-4). Defendants contend that the Magistrate Judge "erred in concluding that [Mr.] Hill's allegations plausibly stated the subjective prong of an Eighth Amendment claim as to Wade, Anthony, and Gonzales" (ECF No. 45 at 5). The Court disagrees. The Magistrate Judge did not err in concluding that, accepting the Amended Complaint's allegations as true and construing them liberally, Mr. Hill alleged sufficient factual content "to survive Defendants' challenge to the deliberate indifference claim against Defendants Anthony, Gonzalez, and Wade" (ECF No. 44 at 16). *See also Mayfield*, 826 F.3d at 1255; *Trackwell v. U.S. Gov't*, 472 F.3d 1242, 1243 (10th Cir. 2007). Accordingly, engaging in de novo review of the Magistrate Judge's Recommendation and reading the allegations discussed in the Recommendation in the context of the entire Amended Complaint, *see Chilcoat*, 41 F.4th at 1207, the Court finds Defendants' arguments unavailing. The Magistrate Judge correctly determined that "[a]lthough discovery may prove otherwise, at this stage in the proceedings" dismissal of Mr. Hill's claims was inappropriate (ECF No. 44 at 16). *See also Chilcoat*, 41 F.4th at 1219 ("At the motion to dismiss stage, [the Court is] tasked with assessing plausibility, not proof.").

The Court makes one final note. The Magistrate Judge analyzed Mr. Hill's *Bivens* claim "as though a *Bivens* remedy is available" (ECF No. 44 at 14 n.4). The Court agrees with the Magistrate Judge that, in light of the Supreme Court's recent decision in *Egbert v. Boule*, 142 S.

3

Ct. 1793 (2022), there is serious doubt as to whether a *Bivens* remedy exists to support Mr. Hill's Eighth Amendment claims against Defendants Anthony, Gonzales, and Wade (*id.*). *See also Silva v. United States*, 45 F.4th 1134, 1140 (10th Cir. 2022) (discussing the "extent of the [Supreme Court's] disfavor towards *Bivens* claims" and citing *Egbert*). However, at the time the Magistrate Judge issued her Recommendation, Defendants had made no arguments regarding the availability of a *Bivens* remedy for Mr. Hill's alleged injuries (*see* ECF No. 44 at 14 n.4). Defendants acknowledge as much (*see* ECF No. 45 at 3 n.1). Defendants state in their Partial Objection that they "intend to raise the *Egbert* argument via an appropriate motion in the near future" (*id.*). Although the Court queries whether Mr. Hill's claims against Defendants Anthony, Gonzales, and Wade may survive *Egbert*, it declines to rule on this issue until the issue is properly presented to the Court through an appropriate motion that Defendants indicate they may file soon (*see* ECF No. 45 at 3 n.1).

### III. CONCLUSION

Consistent with the above analysis, the Court AFFIRMS and ADOPTS the Magistrate Judge's Recommendation (ECF No. 44) as an Order of this Court. Defendants' Partial Objection (ECF No. 45) is OVERRULED. Defendants' Motion to Dismiss (ECF No. 34) is GRANTED in part and DENIED in part.

DATED this 10th day of March 2023.

BY THE COURT:

_____
Charlotte N. Sweeney
United States District Judge